IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Darien Harris, | ) | |
| | ) | |
| Plaintiff, | ) | 24 CV 3215 |
| | ) | |
| v. | ) | Honorable Lindsay C. Jenkins |
| | ) | |
| City of Chicago, Devinn Jones, Isaac Lambert, Constance Besteda, William Meador, Marc Delfavero, Henry Barsch, Matthew Weber, Unknown Officers of the Chicago Police Department, | ) ) ) ) ) ) | Magistrate Judge the Honorable Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

1. **The Nature of the Case:**

    A. Identification of attorneys of record for each party.

    **Attorneys for Plaintiff:**

    Jon Loevy (leading trial attorney)
    Quinn K. Rallins
    Loevy & Loevy
    311 N. Aberdeen
    Chicago, Illinois 60607
    (312) 243-5900
    jon@loevy.com
    rallins@loevy.com

    **Attorneys for Defendant Officers**

    Andrew M. Hale (lead trial attorney)
    Brian Stefanich
    Kelly Olivier
    Allyson West
    Shawn Barnett
    Hale & Monico LLC
    53 W Jackson Blvd., Suite 334
    Chicago, IL 60604
    andy@halemonico.com
    bstefanich@halemonico.com

kolivier@halemonico.com
awest@halemonico.com
sbarnett@halemonico.com

**Attorneys for the City**

Shneur Z. Nathan (lead trial attorney)
Avi T. Kamionski
Breana Lynn Brill
Neha Sharma Locke
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661
312-612-1928
akamionski@nklawllp.com
snathan@nklawllp.com
bbrill@nklawllp.com
nlocke@nklawllp.com

B. Nature of the Claims

Plaintiff contends that he was wrongfully convicted of the 2011 murder of Rondell Moore and the attempted murder of Quincy Woulard because the Defendant Officers fabricated witness statements and witness identifications implicated him in the murder and suppressed evidence of those fabrications. Plaintiff's federal claims are for Fabrication of Evidence, Suppression and Withholding of Exculpatory Evidence, Deprivation of Liberty without Probable Cause, Failure to Intervene, Conspiracy, and a *Monell* claim. Plaintiff also has state law claims, including intentional infliction of emotional distress.

C. Briefly Identify the Major Legal and Factual Issues

1. Whether the Defendant Officers had probable cause to arrest Plaintiff.

2. Whether the eyewitness identification of Plaintiff by Aaron Jones was fabricated by the Defendant Officers.

3. Whether the eyewitness identification of Plaintiff by Dexter Saffold was fabricated by the Defendant Officers.

4. Whether the Defendant Officers fabricated Dexter Saffold's typewritten statement concerning the homicide.

5. Whether the eyewitness identification of Plaintiff by Ronald Moore was fabricated by the Defendant Officers.

6. Whether the Defendant Officers fabricated Ronald Moore's statements.

7. Whether Plaintiff was the gunman who killed Rondell Moore and shot Quincy Woulard.

8. Whether the Defendant Officers suppressed any exculpatory evidence pursuant to *Brady*.

### D. State the Relief Sought

Plaintiff seeks a judgment in his favor and against the City of Chicago and Defendant Officers, awarding compensatory damages, attorneys' fees, costs, and pre- and post-judgment interest against each Defendant, and, because they acted willfully, wantonly, and/or maliciously, punitive damages against each of the Individual Defendants, and any other relief that this Court deems just and appropriate.

### 2. Jurisdiction.

The basis for federal jurisdiction is 28 U.S.C. § 1331. Plaintiff brings claims under 42 U.S.C. § 1983 to redress alleged violations of his rights secured by the United States Constitution. Federal jurisdiction is asserted over the state law claims malicious prosecution, intentional infliction of emotional distress, conspiracy, indemnification, and *respondeat superior* under 28 U.S.C. § 1367.

### 3. Status of Service.

All defendants have been served.

### 4. Consent to Proceed Before the Magistrate Judge.

Counsel has conferred with their clients and the parties do not jointly consent to proceed before the magistrate judge for all purposes.

### 5. Motions.

A. Pending Motions

There are currently no motions pending.

B. Responsive Pleadings

**Defendants:** The Defendant Officers and the City both anticipate filing motions to dismiss the complaint. Responsive pleadings are due August 26, 2024.
**Plaintiff:** Plaintiff has consistently informed Defendants that he would not oppose multiple extensions to file a response pleading, so long as the extension did not delay the parties' Rule 26(f) conference and the opening of discovery. See Dkt. 27.

6. **Case Plan.**

   A.   The Parties' Discovery Plan

The parties anticipate the following types of discovery: written discovery directed at the parties; third-party subpoenas to entities such as the Cook County State's Attorney's Office, the Illinois Department of Corrections, and Plaintiff's criminal defense counsel. The parties anticipate taking depositions over the number prescribed by Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure.

| Event | Deadline |
|---|---|
| Rule 26(a)(1) disclosures | September 16, 2024 |
| First date to issue written discovery | September 23, 2024 |

**Plaintiff's Proposal**

| | |
|---|---|
| Fact discovery closes | September 23, 2025 |
| Plaintiff's Expert Reports and Disclosures | October 23, 2025 |
| Defendants' Response Expert Reports | November 23, 2025 |
| Plaintiff's Rebuttal Expert Reports | December 23, 2025 |
| Expert Discovery Closes | January 7, 2026 |
| Dispositive Motions | February 7, 2026 |

**Defendants' Proposal**

| | |
|---|---|
| Completion of Fact Discovery | September 16, 2026 |
| Disclosure of Plaintiff's Expert Reports | October 16, 2026 |
| Deposition of Plaintiff's Experts | December 16, 2026 |

| Disclosure of Defendants' Expert Reports | January 31, 2027 |
|---|---|
| Deposition of Defendants' Experts | March 31, 2027 |
| Dispositive Motions | May 31, 2027 |

B.    Trial Length.

The parties have requested a jury trial. The estimated length of the trial is two weeks.

**7.    Status of Settlement Discussions.**

No settlement discussions have occurred in this case and the parties are not requesting a settlement conference at this time.

Dated: August 22, 2024                      Respectfully submitted,

/s/ Brian J. Stefanich

Andrew M. Hale
Brian Stefanich
Kelly Olivier
Allyson West
Shawn Barnett
Hale & Monico LLC
53 W Jackson Blvd., Suite 334
Chicago, IL 60604
andy@halemonico.com
bstefanich@halemonico.com
kolivier@halemonico.com
awest@halemonico.com
sbarnett@halemonico.com

*Attorneys for Defendant Jones, Lambert, Besteda, Meador, Delfavero, Barsch, Weber*

/s/ Neha Locke
Avi T. Kamionski
Shneur Z. Nathan
Breana Lynn Brill
Neha Sharma Locke
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661

312-612-1928
Email: akamionski@nklawllp.com
snathan@nklawllp.com
bbrill@nklawllp.com
nlocke@nklawllp.com

*Attorneys for Defendant, City of Chicago*

/s/ Quinn K. Rallins

Jon Loevy
Quinn K. Rallins
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
rallins@loevy.com

*Attorneys for Plaintiff*