**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

DARIEN HARRIS,
Plaintiff,
v.
CITY OF CHICAGO, et al.
Defendants.

Case No. 24-cv-3215
Honorable Lindsay C. Jenkins
Magistrate Judge Jeffrey Cole

**JOINT STATUS REPORT**

Pursuant to the Court's order of July 21, 2025 (Dkt. 87), the parties submit the following joint status report regarding an extension of the fact discovery deadline:

1. On August 22, 2024, the parties filed their initial joint status report. Dkt. 31. Plaintiff requested a one-year fact discovery deadline of September 23, 2025. *Id.* Defendants requested a two-year discovery deadline of September 16, 2026. *Id.*

2. On August 29, 2024, a status hearing was held where the parties addressed the fact discovery deadline. *See* Ex. A, transcript of 8/29/24 hearing. At the conclusion of the hearing, the Court set a one-year fact discovery deadline of September 23, 2025. Dkt. 35. The Court stated the parties should file a status report in July indicating whether an extension of the discovery deadline was required, and the Court would reassess the deadline at that juncture. *See* Ex. A.

**Depositions**

3. The parties completed and scheduled the following Defendants' depositions:

- Defendant William Meador - completed on 5/6/25
- Defendant Matthew Weber - completed on 5/20/25
- Defendant Marc Delfavero - completed on 6/10/25
- Defendant Isaac Lambert - completed on 7/15/25 and 7/30/25
- Defendant Henry Barsch - scheduled for 9/30/25
- Defendant Devinn Jones - scheduled for 10/7/25

4. In addition, Plaintiff intends to depose the following third-party witnesses:

- Marcus Diggs (occurrence witness)

- Craig Knowles (occurrence witness)
- Tarshianna Stuckey (interviewee during criminal investigation)
- Kathy Stuckey (interviewee during criminal investigation)

5. The parties are working cooperatively to schedule the following depositions:

- Dexter Saffold (eyewitness)
- Ronald Moore (eyewitness)
- Defendant Constance Besteda

6. Defendants previously noticed and intend to depose current or former Cook County Assistant State's Attorneys (as well as Plaintiff's criminal defense attorneys). The ASA witnesses have obtained outside counsel and the Defendants are working with the outside counsel to obtain deposition dates:

- Allison Sise (presented evidence to Grand Jury that indicted Plaintiff)
- Denise Tomasek (took written statement from eyewitness Ronald Moore)
- Kelly Coakley (took written statement from eyewitness Dexter Saffold)
- Angela Tisdale (participated in the certificate of innocence proceedings)
- Mike O'Malley (participated in the post-conviction proceedings)
- Jane Sack (first chair trial ASA)
- Richard Lombard (State's attorney investigator for the Conviction Integrity Unit)
- Gina Savini (ASA who investigated Plaintiff's case for the Conviction Integrity Unit)
- Donna Rotunno (Plaintiff's criminal defense attorney)
- David Gaeger (Plaintiff's criminal defense attorney)

7. In addition, Defendants intend to depose the following witnesses:

- Plaintiff Darien Harris
- Ismail Siddique (occurrence witness)
- Kenecia Irvin (provided affidavit regarding an alibi in post-conviction proceedings)
- Frani Udell (Plaintiff's post-conviction investigator)
- Jodi Garvey (Plaintiff's post-conviction attorney)
- Lauren Myerscough-Mueller (Plaintiff's post-conviction attorney)
- ASA Linda Walls (participated in the certificate of innocence proceedings)

8. Written discovery is ongoing. All parties have issued initial written discovery requests and are in the process of following-up on requests and responding to requests. The parties hope to resolve any written discovery disputes through the meet and confer process.

**Extension of Fact Discovery Deadline**

9. The parties agree that an extension of the fact discovery deadline beyond September 23, 2025 is required. The parties met and conferred on July 28, 2025, but could not reach an agreement as to the length of the extension.

**Plaintiff's proposal: December 31, 2025**

Plaintiff is requesting no more than until December 31, 2025, to complete fact discovery. Discovery has been narrowed significantly with the Court's denial of Plaintiff's *Monell* claim. Further, Plaintiff has deposed all of the Defendant Officers, except for three (and those depositions have been scheduled). Further, Plaintiff's counsel has agreed to assign other lawyers, where necessary, to ensure depositions can take place as soon as possible. As importantly, Plaintiff's proposal aligns with the Court's directive to ensure discovery is not unnecessarily prolonged. Exhibit A at 6 ("the goal is not to cut you off, but it is to impress **some urgency** on the need to move forward"). Plaintiff agrees.

It is still unclear why fact discovery cannot be completed this year, nor why Defendants believe fact discovery should extend until next summer (they propose until the end of June 23, 2026). If the parties somehow need time beyond 2025, the parties can provide the court with sufficient justification, through the appropriate, non-speculative, motion. *Id*. at 5 ("If we need more time, we'll deal with it then and we'll take it in a more incremental way").

**Defendants' Proposal: June 23, 2026**

10. Defendants are requesting a nine-month extension, until June 23, 2026. It is Defendants' position that fact discovery cannot reasonably be completed in less time given that 26 depositions remain to be completed, most of which have not yet been scheduled. Numerous delays, most notably the length of time to receive the file from the Cook County State's Attorney's Office ("CCSAO"), and disputes between the parties have resulted in delays to the completion of fact discovery.

Additionally, as described below, there are other factors which bear on the amount of additional time required to complete discovery:

a. The meet and confer process associated with the protective order in this case was lengthy and did not result in the entry of an order until January 17, 2025. Dkt. 65. Certain discovery could not be obtained from several third parties until after entry of the order.

b. On October 11, 2024, the Defendant Officers provided notice to Plaintiff of document subpoenas to nine different third parties. Plaintiff objected to all nine subpoenas. The meet and confer process on the various subpoenas was time consuming and resulted in delaying the Defendants from obtaining relevant discovery from these third parties.

c. Two significant eyewitnesses in this case are Dexter Saffold and Ronald Moore. On September 16, 2024, Defendants noticed the depositions of Dextor Saffold and Ronald Moore and served them with deposition subpoenas shortly thereafter. *See* Dkt. 52. The depositions were scheduled for November 7, 2024 (Saffold) and December 4, 2024 (Moore). *Id.* On October 25, 2024, Plaintiff filed a motion for deposition priority for the two witnesses, and the depositions were cancelled while the parties briefed the motion. Dkt. 47. At the November 14, 2024 hearing on the motion, one of Plaintiff's arguments for priority, despite not noticing or serving the witnesses first, was because Mr. Saffold was elderly and his deposition may be used substantively at trial if he becomes unavailable, and Mr. Moore lived out of the jurisdiction and so his deposition may be used in lieu of his testimony, so the questioning of the witnesses should proceed as it would at trial. The Court granted Plaintiff's motion. Dkt. 53. Plaintiff did not serve these witnesses with deposition subpoenas after the Court granted his motion. Eventually Plaintiff agreed to depose Mr. Saffold on June 24, 2025, but never served him with a subpoena and the deposition did not go forward. During a meet and confer on July 28, 2025, the Defendants requested that Mr. Saffold be deposed during the middle of

September. Regarding Mr. Moore, Plaintiff made no effort to depose him after the Court granted his motion for deposition priority. During the July 28, 2025 meet and confer, the Defendants agreed to contact Mr. Moore and determine his availability for a deposition.

d. Approximately a dozen of the remaining depositions are of attorneys, and eight of those attorneys are represented by their own non-party counsel. Coordinating the schedules of multiple attorneys to set depositions results in scheduling delays that are outside the control of the parties.

e. Defendants circulated notice and subpoenaed numerous Assistant State's Attorney ("ASA") depositions shortly after the CCSAO file was received and prior to the close of the current fact discovery deadline. However, the CCSAO informed Defendants that the witnesses would be represented by outside counsel. Defendants are waiting on the availability of outside counsel and the ASA witnesses to reschedule these depositions.

f. Defendants could not schedule the depositions of the ASA's and SAO investigator before receiving a response to their records subpoena issued to the CCSAO on November 15, 2024. The nearly 6,000 page production was not completed by the CCSAO until July 7, 2025. There are numerous relevant documents contained within the production which have been redacted by the CCSAO. If the CCSAO does not agree to produce the redacted documents, Defendants anticipate filing a motion to compel. There are approximately three ASA depositions that Defendants cannot schedule until after that motion practice is complete as the redacted documents are authored by those three witnesses.

g. One of the civilian depositions, Ronald Moore, will be conducted in Texas where the witness resides. The parties wish to depose him in-person and are working to coordinate their schedules for this out-of-state deposition.

h. Plaintiff's deposition and the deposition of Kenecia Irvin (Plaintiff's ex-girlfriend and alleged

alibi witness) cannot be completed until Defendants obtain and have an opportunity to review Plaintiff's jail calls. Defendants first attempted to issue subpoenas for the jail calls and electronic messages in October of 2024. Plaintiff objected to the subpoenas and the parties reached an agreement that Defendants would first obtain only the call and message logs from Plaintiff's incarceration and then review those logs and propound narrowed subpoenas for the jail calls and messages. The call logs from the Illinois Department of Corrections ("IDOC") were not produced until April 14, 2025. After reviewing the productions, on May 29, 2025, the Defendants circulated notice of subpoenas to be issued to the IDOC and the Cook County Sheriff's Office ("CCSO") for certain recorded jail calls made by Plaintiff. Plaintiff again objected to the service of the subpoenas and the parties met and conferred on the issue on June 11, 2025. Plaintiff requested the subpoenas not be served before July 28, 2025. Thus, Defendants are still awaiting production from the IDOC and CCSO and once they receive the production, will require time to review the production before conducting Plaintiff's and Kenecia Irvin's depositions.

i. On June 13, 2025, Defendants subpoenaed Plaintiff's criminal defense attorneys, Donna Rotunno and David Gaeger for their depositions, but the witnesses were unavailable on the dates noticed. On June 17, 2025, counsel for the Defendant Officers communicated to Plaintiff's counsel available dates that these witnesses were available, but it took Plaintiff's counsel until July 28, 2025, to confirm his availability for one of those dates. Counsel for the Defendant Officers are attempting to confirm availability of these witnesses.

11. Thus, it is Defendants' position that there is still considerable discovery to complete, mainly in the form of depositions. This discovery is crucial to Defendants' ability to present their case and fully mount a defense to the claims made against them. This request for a continuance is made in good faith and not with the intent to unduly delay the proceedings.

Dated: August 1, 2025

Respectfully submitted,

/s/Quinn K. Rallins
Jon Loevy
Quinn K. Rallins
**Loevy & Loevy**
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
rallins@loevy.com
*Attorneys for Plaintiff Darien Harris*

*/s/ Neha Sharma Locke*
Avi T. Kamionski
Shneur Z. Nathan
Breana Lynn Brill
Neha Sharma Locke
Theo Noparstak
**Nathan & Kamionski LLP**
206 S Jefferson St
Chicago, IL 60661
nlocke@nklawllp.com
*Attorneys for Defendant City of Chicago*

*/s/ Brian J. Stefanich*
Andrew M. Hale
Brian Stefanich
Kelly Olivier
Allyson West
**Hale & Monico LLC**
53 W Jackson Blvd., Suite 334
Chicago, IL 60604
bstefanich@halemonico.com
*Attorneys for Defendant Jones, Lambert, Besteda, Meador, Delfavero, Barsch, Weber*

**CERTIFICATE OF SERVICE**

I, Brian J. Stefanich, an attorney, hereby certify that I caused the foregoing document to be filed with the Court's CM/ECF system, which provided electronic notice and a copy of the same to all counsel of record.

*/s/ Brian J. Stefanich*